FILED
October 25, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003857691

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for SUSAN K. SMITH,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>STEVEN KEITH ZINNEL,<br><br>Debtor. | Case No.: 05-28800-C-7<br>DC No.: HSM-003<br>Date: November 22, 2011<br>Time: 9:30 a.m.<br>Place: 501 I Street, Sacramento, CA Ctrm. 35, 6th Flr.<br>Judge: Christopher M. Klein |

**MOTION FOR ORDER AUTHORIZING SALE OF ESTATE'S ASSETS RE SYSTEM 3, INC. FREE AND CLEAR OF ANY LIENS OR ENCUMBRANCES, FOR APPROVAL OF RELATED COMPROMISES OF CONTROVERSIES, AND FOR A FINDING THAT BUYER IS A GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. SECTION 363(m)**

SUSAN K. SMITH, the Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of STEVEN KEITH ZINNEL ("Debtor"), Case No. 05-28800-C-7, submits this Motion for Order Authorizing Sale of Estate's Assets re System 3, Inc. Free and Clear of Any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and for a Finding that Buyer is a Good Faith Purchaser Pursuant to 11 U.S.C. Section 363(m) ("Motion"), and in support thereof, respectfully represents as follows:

1.    This case was filed as a voluntary Chapter 7 case on July 20, 2005.

2.    Stephen Reynolds was appointed Chapter 7 Trustee on July 20, 2005, and served in that capacity until this case was closed on June 5, 2008.

3. This case was ordered reopened on June 17, 2011.[1] The Trustee was appointed as Chapter 7 Trustee on June 20, 2011, and continues to serve in that capacity.

2. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. sections 157 and 1334; Federal Rules of Bankruptcy Procedure 6004, 9014, and 9019(a); 11 U.S.C. Sections 363(b)(1), (f), and (m); and the reference to this court by the District Court for the Eastern District of California.

**Summary of Purchase and Sale Agreement**

3. As set forth herein, the Trustee requests authorization to sell, release and waive the estate's interest, if any, in and to all contractual rights, title and interests that the Bankruptcy Estate may own or have the right to enforce under and pursuant to that certain Business Formation Agreement entered into by and between Tom J. Wilbert ("Buyer"), Debtor, and David P. Zinnel, with an effective date of October 3, 2001 (the "Business Formation Agreement") and any rights otherwise related to System 3, Inc. (collectively, the "Sale Property"). System 3, Inc. ("System 3") is the company that was formed pursuant to the Business Formation Agreement. The Buyer desires to purchase the Sale Property for the sum of **$350,000.00** ("Purchase Price").

4. The Trustee further requests approval of the Purchase and Sale Agreement ("Agreement") entered into by and between the Trustee and the Buyer with respect to the contemplated sale transaction. A true and correct copy of the Agreement is attached as Exhibit "A" to the Exhibits Cover Sheet filed herewith.

5. The proposed compromises that are the subject of this Motion relate to Buyer's disputes with the Debtor regarding the existence of any continuing or surviving rights or claims that the Debtor or the Bankruptcy Estate may have arising from the Business Formation Agreement and/or System 3, including without limitation, any rights that the estate may try to

---

[1] The case was reopened upon application of the Office of the United States Trustee ("UST"), based on the Debtor's alleged failure to disclose assets in his bankruptcy case, including rights and / or interests related to System 3, Inc. The Debtor has been charged, pursuant to a criminal indictment filed in the United States District Court (Case No: 2:11 CR0234 FCD) with sixteen (16) counts of bankruptcy crimes. That matter is presently pending.

HEFNER, STARK & MAROIS, LLP
Sacramento, California

K:\Smith, Susan K\Steven Keith Zinnel (6635-0016)\pldg mtn appr sale and compromise (hsm03) (system 3) mtn.wpd

assert as to any return of capital contributions made by the Debtor to System 3, any right to receive any distributions of cash or capital stock from System 3, or any right to vote on any business decisions or participate in the management of System 3 (collectively the "Disputes"). As part of the consideration for Buyer's purchase of the Sale Property for the Purchase Price, Buyer is requiring a full waiver and release from the Trustee of any and all claims that the estate may have, as the successor to any surviving rights of the Debtor under the Business Formation Agreement and/or in System 3. The Trustee is requiring, as part of the Agreement, that the Buyer similarly release the Trustee and the estate from any claims or liabilities that Buyer may otherwise be able to assert under the Business Formation Agreement.

6. The Buyer has been operating System 3 as the sole owner and manager of System 3 and has been solely responsible for System 3's liabilities and financial condition, including its bonding requirements, warranty matters, personal guarantees and other obligations arising out of the operations of the business. To resolve any potentially competing ownership, contract rights, or management claims that could otherwise arise from or be asserted against the Buyer or System 3 under or in connection with the Business Formation Agreement or otherwise related to System 3, Buyer desires to conclusively acquire any and all interests that the estate may have, as the successor to Debtor, under the Business Formation Agreement and/or in or to System 3.

7. **The Trustee has agreed to accept the total amount of $350,000.00 from the Buyer for the estate's interest in the Sale Property**. Before agreeing to accept the Purchase Price, the Trustee retained the accounting and financial advisory services firm of Gonzales & Sisto, LLP, to review the books and records for System 3 and assist in the valuation of the estate's potential interest in System 3 if the estate were to establish contractual or ownership rights therein. The Trustee has satisfied herself, through her own analysis and the input of her legal and financial professionals, that the Purchase Price represents a fair value to the estate for the Sale Property.

8. Pursuant to the Agreement, the Buyer has deposited the sum of $35,000.00 with the Trustee, which deposit is refundable to Buyer only if this Motion is not approved by the

court, if a successful overbidder is approved by the court, or if the sale fails to close for any reason other than a breach of the Agreement by Buyer. If this Motion is approved by the Court and no overbidding occurs or Buyer is the successful overbidder, the balance of the Purchase Price, as may be increased by any overbid by Buyer, will be paid by Buyer to Seller, and Seller shall assign the Sale Property to Buyer, on or before ten (10) days after the entry of the order approving this sale.

**Sale Free and Clear of Liens and Encumbrances**

9. The sale of the Sale Property is on an "AS IS," "WHERE IS," basis, with no representations or warranties of any kind whatsoever from Trustee or the estate, except that Buyer is requiring that the sale of the Sale Property be delivered free and clear of any and all liens and encumbrances, known or unknown. Buyer is demanding that the sale be free and clear of any encumbrances in order to conclusively resolve any and all ownership claims that the Trustee or the estate may have with respect to the Sale Property.

10. The Trustee has not assigned or encumbered, and is not aware of any prior assignments by the Debtor or encumbrances against any of the Debtor's rights, title or interests in or to the Sale Property. In the absence of any known claims asserted or existing against the Sale Property, it is reasonable and appropriate for the court to approve, as part of this Motion, the sale of the Sale Property free and clear of any liens and encumbrances.

**Buyer as Good Faith Purchaser of Sale Property**

11. The Trustee further requests that the court find, in accordance with the provisions of 11 U.S.C. Section 363(m), that the Buyer is a good faith purchaser of the Sale Property.

12. As set forth in T. C. Investors v. Joseph (In re M Capital Corp.), 290 B.R. 743, 746 (9th Cir. BAP (2003),the test to be followed in the Ninth Circuit for confirming the good faith of a purchaser is generally stated as follows:

> Though the Bankruptcy Code and Rules do not provide a definition of good faith, courts generally have followed traditional principles in holding that a good faith purchaser is one who buys "in good faith" and "for value." See, e.g., In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986).

K:\Smith, Susan K\Steven Keith Zinnel (6635-0016)\pldg mtn appr sale and compromise (hsm03) (system 3) mtn.wpd

"Typically, lack of good faith is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." [Community Thrift & Loan v. Suchy] In re Suchy, 786 F.2d 900, 902 (9th Cir. 1985) (citing Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992).

13. With respect to the issue of the purchase being made "in good faith," Buyer provided Trustee with considerable, open access to the books and records of System 3 to enable the Trustee to independently review and evaluate the offer to purchase made by Buyer for the Sale Property. The provision by Buyer to the Trustee of such open access to the books and records of System 3 helps to diffuse any potential unfair advantage that the Buyer may otherwise have in the bidding on the Sale Property as an insider in the company. Furthermore, the Trustee has no pre-existing or existing relationship with the Buyer and is seeking approval of this Motion solely for the benefit to the creditors of the estate to be generated by this sale.

14. With respect to the sale of the Sale Property "for value," as noted above, the Trustee has had the opportunity to review the books and records of System 3 and has satisfied herself through such review that the Purchase Price represents a fair value to the estate for the Sale Property. The Declarations of the Trustee and the Trustee's financial advisor, Gene Gonzales, describe the process used to review and evaluate the value of the Sale Property and confirm that the Purchase Price represents a fair value to the estate. Also, the overbidding process described below will help provide an opportunity to confirm and/or increase the value of the Sale Property to the benefit of the estate and ensure that the successful bidder on the Sale Property, either as Buyer or other overbidder, is paying "fair value" for the Sale Property.

**Sale Subject to Overbidding**

15. The sale of the Sale Property is subject to overbidding at the hearing on this Motion. The Trustee proposes the following overbidding terms:

    a. The Trustee proposes that overbidding occur in increments of $10,000.00, with the initial overbid being $360,000.00.

b. The Trustee proposes that any persons or entities wishing to bid on the Sale Property be required to become a qualified overbidder ("Qualified Overbidder") in the manner set forth herein no later than four (4) calendar days prior to the date set for the hearing on this Motion. Any person or entity wishing to be a Qualified Overbidder must deliver to the Trustee a non-refundable deposit ("Overbidder Deposit") in the amount of $35,000.00 (the amount of the deposit made by Buyer under the Agreement) in the form of cash, cashier's check or money order made payable to "Susan Smith, Chapter 7 Trustee of the Steven K. Zinnel Bankruptcy Estate," which will be applied to the purchase price for the Sale Property if the overbidder is the successful purchaser following the hearing on the Motion, and demonstrates to the Trustee the ability to pay the purchase price for the Sale Property on terms identical to the Agreement. The Overbidder Deposit shall be delivered to the Trustee's Counsel at 2150 River Plaza Drive, Suite 450, Sacramento, CA 95833-4136.

c. If the successful overbidder fails to consummate the sale or otherwise breaches its obligations and/or covenants to the Trustee and the estate, the Overbidder Deposit shall be retained and administered as an asset of the estate. In the event that a Qualified Overbidder is not the successful overbidder on the Sale Property, or if this Motion is not approved by the Court, the Overbidder Deposit shall become refundable.

d. If the Buyer is the high bidder, or if full payment from the Overbidder is not received according to the terms set forth herein and in the Agreement, the Buyer shall be obligated to purchase the Sale Property and pay the greater of the Purchase Price or his high bid for the Sale Property. In the event that a third party outbids the Buyer, and the Trustee receives full payment for the Sale Property on the terms set forth herein and in the Agreement, the Agreement between the Buyer and the Trustee shall be of no further effect and the Deposit shall be refunded to the Buyer.

16. As described herein, there are Disputes between the Trustee and Buyer concerning the extent of the estate's interest in the Sale Property. The Buyer contends that System 3 has previously returned to the Debtor all capital contributions previously made by the Debtor to System 3 and that any rights the Debtor might otherwise have under the Business

Formation Agreement have been extinguished by, among other things, Buyer's assumption of all management duties and financial risks associated with the continued operation of System 3. Buyer further asserts that the Debtor's failure to list any interest in the Sale Property as an asset of the estate in his schedules was based, in part, on the Debtor's acknowledgment that he no longer owned any interest in the Sale Property. The Trustee takes the position that the estate, as a potential shareholder in System 3 under the Business Formation Agreement, has an interest in certain income generated by System 3 before and after the commencement of this case. The Trustee further contends that the income generated by System 3 is attributable, in part, to the contacts and relationships that the Debtor originally brought to the company as part of his contribution under the Business Formation Agreement, which was intended to be compensated to the Debtor though an allocation of shares and subsequent distributions of income from the company pursuant to the Business Formation Agreement. After having reviewed the books and records of System 3, and having otherwise investigated the estate's rights with respect to System 3, the Trustee believes that the Purchase Price for the Sale Property represents an appropriate price in light of the Disputes. The Trustee further believes the terms of the sale are fair and reasonable and in the best interests of the estate and its creditors, and should be approved pursuant to 11 U.S.C. § 363(b).

**Settlement of Disputes**

17. The Trustee further requests approval of the Motion as a compromise of controversies (i.e. the Disputes), and for approval of the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019(a). The compromises that are the subject of this Motion relate to the Disputes concerning the extent and value of the estate's interest in the Sale Property. The Agreement also contains broad releases between the parties, and a mutual waiver of the provisions of California Civil Code Section 1542.

18. As set forth in In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988), the bankruptcy court has great latitude in approving compromise agreements. However, the court may only approve a compromise if it is "fair and equitable." Id. In the Woodson decision, the Ninth Circuit outlined the following factors to be considered in reviewing a proposed settlement:

|   |   |   |
|---|---|---|
| 1 | (a) | The probability of success in the litigation; |
| 2 | (b) | The difficulties, if any, to be encountered in the matter of collection; |
| 3 | (c) | The complexity of the litigation involved, and the expense, inconvenience |
| 4 | | and delay caused by necessarily attending it; |
| 5 | (d) | The paramount interest of the creditors and deference to their reasonable |
| 6 | | views in the premises. |

Id. (quoting In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986)).

19. The probability of success in establishing any continuing interest of the estate in the Sale Property is very much in question since the Buyer vigorously contends that the estate has no surviving rights, title or interests in the Sale Property. Moreover, the Buyer has shared with the Trustee at least some of the defenses that would be asserted in response to a possible complaint that could be filed by the Trustee with respect to the Sale Property. There is a meaningful risk that the estate will not prevail in litigation to establish the estate's interest in the Sale Property. The Disputes will undoubtedly cover a spectrum of factual and legal issues. In addition to the risk that the estate may fail to establish any interest in the Sale Property, the estate will incur significant expense and delay in litigating the rights to the Sale Property.

20. Collectability is a significant factor favoring settlement. The continuing value of the Sale Property is dependent on a number of factors. One important factor is the extent of Buyer's continued commitment of effort and financial resources to operate System 3. Moreover, while System 3 has been profitable in the past, it has seen its business decline significantly as the general economy and, specifically, the construction industry have continued to struggle. The Trustee recognizes that Buyer could simply elect to stop managing and underwriting the financial operation of System 3. These factors could render System 3 essentially valueless, and would significantly impact the value of any interest the estate may otherwise be able to establish in the Sale Property.

21. As noted above, litigation concerning the estate's interest in the ownership, profits and/or dividends derived by System 3 would be legally and factually complex. At a

minimum, litigation would cause significant delay and administrative expense.

22. The interests of creditors are well served by the Agreement and the compromises of the Disputes outlined in this Motion. The estate will be able to generate a recovery of $350,000.00 from the Sale Property within a very short period of time, while avoiding the administrative expense and delay of attempting to enforce any rights under the Business Formation Agreement in and to System 3 and then collecting and liquidating such interests. Finally, the overbidding procedures described herein are designed to ensure that parties wishing to pay more for the Sale Property are given an opportunity to do so.

23. In the exercise of her business judgment, and based on the foregoing, the Trustee has concluded that the proposed sale and compromises outlined herein are fair and equitable and in the best interests of the estate, and that they should be approved by the court under the <u>Woodson</u> factors.

**WHEREFORE**, the Trustee respectfully requests the court to enter an order providing that:

(1) the Agreement is approved and the Trustee is authorized to enter into the Agreement, and to sell and release the Sale Property to the Buyer, in exchange for the Purchase Price, to be paid on the terms and conditions set forth in this Motion and in the Agreement;

(2) the sale/compromises of controversies set forth herein and in the Agreement are approved as fair and equitable;

(3) the Trustee is authorized to enter into the compromises of controversies as set forth herein;

(4) the Trustee is authorized to sign any and all documents that may be appropriate and/or necessary to consummate the sale of the Sale Property to the Buyer; (5) the sale of the Sale Property is "AS IS," "WHERE IS," with no representations or warranties, expressed or implied, by the Trustee, but free and clear of any and all liens and encumbrances thereon; and

///

///

K:\Smith, Susan K\Steven Keith Zinnel (6635-0016)\pldg mtn appr sale and compromise (hsm03) (system 3) mtn.wpd

1     (6) Buyer is a good faith purchaser of the Sale Property in accordance with the provisions of 11 U.S.C. Section 363(m).

Dated: October 25, 2011

HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for
SUSAN K. SMITH, Chapter 7 Trustee

K:\Smith, Susan K\Steven Keith Zinnel (6635-0016)\pldg mtn appr sale and compromise (hsm03) (system 3) mtn.wpd