

FILED

FEB 22 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-28800-C-7
)
STEVEN K. ZINNEL, )
)
        Debtor )
_____)

**MEMORANDUM DECISION AND ORDER**

**I.  INTRODUCTION**

The debtor Steven Zinnel ("Debtor") seeks reconsideration of the court's November 28, 2011, order ("Order") granting the Chapter 7 Trustee's motion to sell assets and compromise.  For the reasons stated below, the court denies the Motion.

**II.  BACKGROUND**

This case commenced on July 20, 2005, and was closed on June 5, 2008.  On June 17, 2011, the court reopened the case upon application of the Office of the United States Trustee based on Debtor's alleged failure to disclose assets in the bankruptcy case, including possible rights and/or interests in System 3, Inc.  Debtor has a criminal case pending against him in U.S. District Court for, *inter alia*, bankruptcy fraud (United States of America v. Zinnel, *et al.*, Case No. 2:11-cr-00234-FCD).

On October 25, 2011, the Trustee filed a motion seeking (1) authorization for the sale of the bankruptcy estate's interest, if any, in System 3, Inc., free and clear of any liens, (2) approval of a related compromise of controversy (namely, the controversy arising from the question of what interest, if any, the estate has in System 3, Inc.), and (3) a finding that the proposed buyer was a good faith purchaser pursuant to 11 U.S.C. § 363(m) (hereinafter "Motion to Sell"). In essence, the Trustee sought to relinquish the bankruptcy estate's right to claim interest in System 3, Inc., in exchange for $350,000.00 from the proposed buyer. The sale, which was subject to overbidding at the scheduled hearing, was to be made free and clear of any encumbrances in order to conclusively resolve any and all ownership claims that the Trustee or the estate might have had with respect to System 3, Inc.

Debtor filed opposition to the Motion to Sell. Debtor also requested that the sale hearing be stayed until resolution of Debtor's parallel criminal proceedings pending in U.S. District Court.

The court found that Debtor did not have standing to object to the Motion to Sell as he was not adversely and pecuniarily affected by the proposed sale because there was no credible suggestion that there would be a distribution of surplus funds to the Debtor under 11 U.S.C. § 726(a)(6) or that the disposition of the asset otherwise would affect his rights. The Motion to Sell only sought to extinguish the *estate's* claim in System 3, Inc., and did not purport to prohibit any other third party from asserting an

interest in System 3, Inc. The court further exercised its discretion to deny Debtor's request to stay the hearing until Debtor's criminal proceedings concluded.

On November 22, 2011, for the reasons stated orally on the record, the court granted Trustee's Motion to Sell. (Civil Minutes for Nov. 22, 2011, Hearing, Dkt. 366). The Order was issued on November 28, 2011. (Order, Dkt. 362).

Debtor filed the subject Motion to Reconsider on December 5, 2011. (Motion, Dkt. 369).

### III. DISCUSSION

A motion for reconsideration made within fourteen days after entry of judgment is to be treated as a motion under Federal Rule of Bankruptcy Procedure 9023. 10 COLLIER ON BANKRUPTCY ¶ 9023.04 (16th ed.), 12 MOORE'S FEDERAL PRACTICE § 59.05 (Matthew Bender 3d ed.). In this case, Debtor's Motion to Reconsider was timely. FED. R. BANKR. P. 9023.

Rule 9023 incorporates Federal Rule of Civil Procedure 59(e), which permits a court to alter or amend (that is, reconsider) a judgment or order. FED. R. CIV. P. 59(e). However, such relief is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Accordingly, a motion for reconsideration should not be granted, absent unusual circumstances, unless the court is presented with newly discovered evidence, the court has committed clear error of fact or law, or there is an intervening change in the controlling law. *Kona Ener.*,

*Inc v Estate of Bishop*, 229 F 3d 877, 890 (9th Cir 2000), *see also Hale v United States Trustee (In re Basham)*, 208 B R 926, 934 (9th Cir B A P 1997) ("Reconsideration is appropriate only if one of the following three grounds are present (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence ")

Here, Debtor's Motion to Reconsider repeats much of the arguments brought forth in Debtor's opposition to the Motion to Sell  The court previously rejected those arguments  Debtor asserts that he has standing to object to the sale of System 3, Inc , without providing any evidence to support this assertion

Debtor further argues that the court should reconsider the Order due to "newly discovered" authority  Debtor cites to *Lyons v Lyons (In re Lyons)*, 995 F 2d 923, 924 (9th Cir 1993)  Notwithstanding the fact that this case is hardly "newly discovered," it does not apply to the circumstances of this case  In *Lyons*, the trustee sought authorization to sell the bankruptcy estate's interest in real property, as well as the interests of other nondebtor co-owners without first initiating an adversary proceeding to obtain authority to sell the property  The Ninth Circuit Court of Appeals found that this was procedurally incorrect  In the case at bar, the Trustee only received authorization to sell the *estate*'s interest in the sale property

Upon review of the record and the additional papers filed in support of Debtor's motion to reconsider, the court remains persuaded that the transaction was in accordance with 11 U S C

§ 363 and that the compromise was fair and equitable

Debtor has not shown that any extraordinary circumstances, such as a manifest error of fact or law, exist  The court concludes that no grounds exist to warrant reconsideration of the Order

**IT IS ORDERED** that the motion to reconsider, which is treated as a motion under Federal Rule of Civil Procedure 59, as incorporated by Federal Rule of Bankruptcy Procedure 9023, is DENIED

Dated   February 21, 2012

_____
UNITED STATES BANKRUPTCY JUDGE

5

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office

Steven K Zinnel
11966 Old Eureka Way
Gold River, CA 95670

Susan K Smith
Chapter 7 Trustee
7485 Rush River Dr , #710-PMB 218
Sacramento, CA 95831

Howard S Nevins
2150 River Plaza Dr , #450
Sacramento, CA 95833

Dated 2/23/12

_____
Deputy Clerk
BARBARA REYNOLDS